IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

JANISON VEAL,

    Petitioner,

v.                                                           Civil Action No. 3:05CV13
                                                            Criminal Action No. 3:02CR43
                                                              (JUDGE BROADWATER)

UNITED STATES OF AMERICA,

    Respondent.

## REPORT AND RECOMMENDATION

### I. INTRODUCTION

On February 25, 2005, the *pro se* petitioner, an inmate at FCI Gilmer, Glenville, West Virginia, filed a Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside or Correct Sentence by a Person in Federal Custody.[1] The Government filed its response July 26, 2005.[2] The motion was referred to me August 10, 2005.[3] Petitioner filed a reply August 19, 2005.[4] Petitioner also filed a Motion for Bond May 31, 2005[5]; a Motion for a Hearing and Finding of Waiver by the Government of its right to contest the petition on July 5, 2005[6]; a Motion for Immediate Issuance of a Writ of Habeas on August 19, 2005[7]; a Motion for Leave to Supplement His Reply to the Government

---

[1] Doc. No. 104.

[2] Doc. No. 111.

[3] Doc. No. 112.

[4] Doc. No. 113.

[5] Doc. No. 109.

[6] Doc. No. 110.

[7] Doc. No. 114.

Response on November 14, 2005[8], and an Affidavit in support of his § 2255 motion on May 8, 2006.[9]

## II. FACTS

A.  **Convictions and Sentence**.

On March 19, 2003, the petitioner entered his plea in open court to all four counts of the indictment. Counts One, Two, and Three charged distribution of .47, .88, and 1.71 grams of cocaine base, respectively, in violation of 21 U.S.C. § 841 (a)(1) and § 841 (b)(1)(c). Count Four charged possession with intent to distribute an unspecified amount of crack cocaine. There was no plea agreement. During the plea hearing, the Government presented the testimony of Trooper Andy Evans, of the West Virginia State Police to establish a factual basis for the plea. (Plea transcript pp. 14-21). All the crack purchases which were the factual basis for the plea to Counts One, Two, and Three were between defendant and Ms. Lowe, a confidential informant. Counsel for Defendant did not cross-examine Trooper Evans about Ms. Lowe's crack purchases from petitioner. (Id.). Counsel for Defendant did, however, cross-examine Trooper Evans about another confidential informant, Ms. Greenfield, who testified before the Grand Jury against Defendant. (Id. at 22-24). The cross-examination went to the issue of relevant conduct as to Count Four. (Id. at 23). Defendant did not contest the factual basis for the plea.

After the Government presented the factual basis of the plea, the petitioner advised the Court that he was guilty of all four Counts of the indictment. The petitioner further stated under oath that no one had attempted to force him to plead guilty, and that he was pleading guilty of his own free

---

[8] Doc. No. 116.

[9] Doc. No. 117.

will. (Id. at 25-26) Finally, the petitioner testified that his attorney had adequately represented him, and that his attorney had left nothing undone. (Id. at 26)

At the conclusion of the hearing after Petitioner declared he was in fact guilty of all four counts, the Court determined that the plea was made freely and voluntarily, that the petitioner understood the consequences of pleading guilty; and that the elements of all four counts were established beyond a reasonable doubt. (Id. at 27-28) The petitioner did not object to the Court's findings.

On June 2, 2003, the petitioner appeared before the Court for sentencing. Before sentencing Defendant the Court advised the parties that on May 30, 2003 (the Friday before the sentencing on Monday, June 2, 2003) the Court received by fax a letter from Defendant requesting to withdraw his plea agreement. The Court denied the motion for four reasons. First, the motion was untimely. Second, the motion was a hybrid motion (defendant filed it *pro se* while represented by counsel). Third, there was no Apprendi issue. Fourth, no copy was sent to the United States Attorney. After considering several factors, including the circumstances of both the crime and the defendant, and the sentencing objectives of punishment, the Court sentenced petitioner to a term of 240 months imprisonment on each of the four counts, all sentences to run concurrently.

    **B.**    **Appeal**.

Petitioner filed a notice of appeal June 9, 2003. The Judgment of the District Court was affirmed February 9, 2004.

    **C.**    **Federal Habeas Corpus.**

Petitioner contends:

    (1)    His sentence was unconstitutional under Apprendi, Blakely, and Booker.

(2) His plea was involuntary because the drug quantities upon which his sentence was based were not included in the indictment.

(3) His trial counsel was ineffective because he did not review the presentence report and did not object to petitioner not receiving a reduction for acceptance of responsibility, the enhancement for obstruction of justice or the relevant conduct.

(4) His appellate counsel was ineffective for failing to pursue Rule 32 issues on direct appeal and failure to file a petition for writ of certiorari as requested by petitioner.

The Government contends:

(1) Petitioner's sentence was constitutional, affirmed by the United States Court of Appeals for the Fourth Circuit and is not subject to collateral attack.

(2) Petitioner was charged and sentenced under 18 U.S.C. § 841 (b)(1)(c). There was no sentence enhancement based on unproved drug weights.

(3) While petitioner's claims of ineffective assistance of counsel are factually accurate, there was no prejudice to petitioner as a result of his counsel's action.

(4) Appellate counsel had no duty to raise the Rule 32 issue because it is without merit and there is no authority to rule on the certiorari issue which should have been decided by the Fourth Circuit or the Supreme Court.

### D. Recommendation.

Based upon a review of the record, the undersigned recommends that the petitioner's § 2255 motion be granted for ineffective assistance of counsel for failing to discuss the presentence investigation report with petitioner and that petitioner be resentenced. All other grounds alleged are without merit. The motion on these grounds should be dismissed with prejudice.

## III. ANALYSIS

### A. Unconstitutional Sentence.

Apprendi v. New Jersey, 530 U.S. 466, 490 (2000) established that "[O]ther than the facts of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt.

Blakely v. Washington, 542 U.S. 296 (2004) held that sentencing a defendant by a judge to an additional term above the statutory maximum for the offense charged, based upon a finding by the judge, violates the Sixth Amendment right to trial by jury.

United States v. Booker, 543 U.S. 220 (2005) held that the Federal Sentencing Guidelines are subject to the jury trial requirements of the Sixth Amendment and was applicable to all cases on direct review.

### B. Involuntary Plea.

Apprendi v. New Jersey, 530 U.S. 466, 490 (2000) established that "[O]ther than the facts of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt.

United States v. Promise, 255 F. 3d 150 (4th Cir. 2001) held that it is an Apprendi error to sentence a defendant to the term beyond maximum allowable for unspecified amount of drugs unless the amount is charged in the indictment and found by a jury beyond a reasonable doubt.

**C. & D.        Ineffective Assistance of Counsel - Trial and Appellate**.

Counsel's conduct is measured under the two part analysis outlined in Strickland v. Washington, 466 U.S. 668 (1984):

> First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable.

In order to demonstrate prejudice, the defendant must show that but for his attorney's errors, the result of the proceeding would have been different. Id. Error by counsel which falls short of the constitutional ineffectiveness standard does not constitute cause, notwithstanding that the error may arise from inadvertence, ignorance or strategic choice. Murray v. Carrier, 477 U.S. 478 (1986); Griffin v. Aiken, 775 F.2d 1226 (4th Cir. 1985), *cert. denied*, 478 U.S. 1007 (1986).

Further, in evaluating a post guilty plea of ineffective assistance of counsel, statements made under oath affirming satisfaction with counsel are binding, absent clear and convincing evidence to the contrary. See Blackledge v. Allison, 431 U.S. 63, 74-75 (1977). A defendant who alleges ineffective assistance of counsel following a guilty plea has an even higher burden: "he must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." Hill v. Lockhart, 474 U.S. 52, 29 (1985); Hooper v. Garraghty, 845 F.2d 471, 475 (4th Cir. 1988), *cert. denied*, 488 U.S. 843 (1988).

## IV. DISCUSSION

### A. Unconstitutional Sentence.

The petitioner herein, is asserting what amounts to an Apprendi claim. However, the petitioner's Apprendi claim is without merit. The petitioner pleaded guilty to Counts One, Two, Three, and Four of the indictment, charging possession with intent to distribute specific amounts of cocaine base, also known as crack, in Counts One, Two, and Three and an unspecified amount in Count Four, in violation of 21 U.S.C. § 841(a)(1) and § 841 (b)(1)(c). The statutory penalty for each count is contained in 21 U.S.C. § 841 (b)(1)(B) which provides for a term of imprisonment of up to 20 years. The district court imposed a sentence of 240 months (20 years) which is the statutory maximum. Thus, there is no Apprendi violation.

Moreover, to the extent the petitioner is attempting to raise a claim pursuant to Blakely v. Washington, 542 U.S. 296 (2004) and United States v. Booker, 543 U.S. 220 (2005), the same is without merit. Blakely as an extension of Apprendi, holds that the imposition of sentencing enhancement, which was based solely on the sentencing court's factual findings, violates the defendant's Sixth Amendment rights because the facts supporting the finding were neither admitted nor found by the jury. In Booker, the Court held that the mandatory sentencing guidelines violated a defendant's Sixth Amendment right to a jury trial, because a judge, not a jury, determines facts which could increase the defendant's sentence which could be imposed based on jury fact finding. There was no enhancement of sentence in this case beyond the statutory maximum. Petitioner was sentenced under 21 U.S.C. § 841(b)(1)(c) which does not specify any minimum amount of controlled substance.

B.      **Involuntary Plea**.

Petitioner uses the same Apprendi argument to support his claim of an involuntary plea as he did claiming an unconstitutional sentence.

Because petitioner did not receive an enhanced sentence before the statutory maximum as discussed in the immediately preceding paragraph, his argument is without merit.

C & D.  **Ineffective Assistance of Counsel**.

Rule 32(i)(1)(A) of the Federal Rules of Criminal Procedure provides in pertinent part:

> (1)    **In General.**  At sentencing, the court:
>
> (A)    Must verify that the defendant and the defendant's attorney have read and discussed the presentence report and any addendum to the report;

At the sentencing hearing, both the petitioner and his counsel stated that petitioner's counsel did not review the presentence investigation with him. Further, petitioner stated he wished to review the presentence investigation with his counsel. (Sentencing Transcript pp. 6-8).

It would appear that it is mandatory in this circuit that the presentence investigation report be reviewed by counsel with the defendant. United States v. McManas, 23 F.3d 878 (4th Cir. 1994); United States v. Miller, 849 F.2d 896 (4th Cir. 1988). While the transcript demonstrates that petitioner made all his objections to the presentence report and each was ruled upon by the Court, the rule appears to be mandatory. While it also appears that the petitioner will fail on all his objections to the pre-sentence report, and the guidelines will suggest a maximum sentence, the rule appears to be mandatory.

## V. MISCELLANEOUS MOTIONS

### A. Motion for Evidentiary Hearing.

As part of his unstyled Motion[10], petitioner requested an evidentiary hearing.

If it is clear from the pleadings and the files and records that the petitioner is entitled to no relief, a hearing is not necessary. Raines v. United States, 423 F.2d 526, 529 (4th Cir. 1970). The petitioner's motion and the Government's response conclusively establish that the petitioner is entitled to no relief except as to the Rule 32 issue. Undisputed facts are conclusively established in the transcript of the sentencing hearing as to the Rule 32 issue. Thus he is not entitled to an evidentiary hearing. Motion **DENIED**.

### B. Motion for Bail.

Petitioner moves the Government for bail pending further proceedings in his § 2255 petition[11].

Petitioner claims he is entitled to bail because he will be successful on the merits and special circumstances exist. Petitioner relies on his Apprendi, Blakely and Booker arguments which are without merit because he was not given an enhanced sentence above the statutory maximum. To obtain release on bail in a habeas case, petitioner must show his petition presents a substantial constitutional claim upon which he has a high likelihood he will succeed and extraordinary circumstances warrant his release. See Aronson v. May, 855 S. Ct. 3, 13L. Ed. 2d6 (1964). Here,

---

[10] Doc. No. 110.

[11] Doc. No. 109.

the most petitioner is entitled to is resentencing which will not result in overturning his conviction. Bail is not appropriate. Motion **DENIED**. (Doc. No. 109).

      **C.**       **Motion for a Finding of Waiver by the Government of Its Right to Contest the Petition.**

The Government was directed to respond to Petitioner's motion by April 7, 2005. The Government filed its response July 26, 2005. The law of this circuit in case dispositive motions is that the Court must make a decision on the merits of each motion, even if the opposing party files no response. Custer v. Pan American Life Ins. Co., 12 F.3d 410, 416 (4th Cir. 1993). Therefore, this motion is moot. Motion **DENIED AS MOOT**.

      **D.**       **Motion for Immediate Issuance of a Writ of Habeas Corpus**.[12]

Petitioner seeks immediate issuance of a Writ of Habeas Corpus based upon this Court's ruling in United States v. Bronson, 3:02CR63-01 applying Apprendi and Blakely. Once again petitioner does not understand that Apprendi, Blakely, and Booker do not apply to his case because he did not receive an enhancement of his sentence over the statutory maximum. Motion **DENIED**.

      **E.**       **Motion for Leave to Expand Upon His Response to the Government Response**.[13]

The motion containing the argument has been filed. Motion **DENIED AS MOOT**.

---

[12] Doc. No. 114.

[13] Doc. No. 116.

## VI. **RECOMMENDATION**

The undersigned recommends that the Court enter an order granting petitioner's § 2255 motion solely on the issue of ineffective assistance of counsel and resentence the petitioner. All other grounds are without merit. The motion on those grounds should be dismissed with prejudice.

Any party may file within ten (10) days after being served with a copy of this Recommendation with the clerk of the court written objections identifying the portions of the Recommendation to which objections are made, and the basis for such objections. A copy of such objections should also be submitted to the Honorable W. Craig Broadwater, United States District Judge. Failure to timely file objections to the Recommendation set forth above will result in waiver of the right to appeal from a judgment of this Court based upon such Recommendation. 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cr. 1984), cert. denied, 467 U.S. 1208 (1984).

The Clerk of the Court is directed to provide a copy of this Report and Recommendation to the *pro se* petitioner and the Untied States Attorney for the Northern District of West Virginia as provided in the Administrative Procedures for Electronic Case Filing in the United States District Court for the Northern District of West Virginia.

DATED: September 29, 2006

/s/ James E. Seibert
JAMES E. SEIBERT
UNITED STATES MAGISTRATE JUDGE