IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
MARTINSBURG

**JANISON VEAL,**

    Petitioner,

v.

    Criminal Action No. 3:02CR43
    Civil Action No. 3:05CV87 /3
    (BAILEY)

**UNITED STATES OF AMERICA,**

    Respondent.

## ORDER ADOPTING REPORT AND RECOMMENDATION

### I. Introduction

On this day, the above-styled matter came before the Court for consideration of the Report and Recommendation of United States Magistrate Judge James E. Seibert (Doc. 119) dated September 29, 2006, and the petitioner's corresponding objections (Doc. 122) filed on October 25, 2006. Pursuant to 28 U.S.C. § 636(b)(1)(c), this Court is required to make a *de novo* review of those portions of the magistrate judge's findings to which objection is made. However, failure to file objections to the magistrate judge's proposed findings and recommendation permits the district court to review the recommendation under the standards that the district court believes are appropriate and, under these circumstances, the parties' right to *de novo* review is waived. *See* **Webb v. Califano**, 468 F. Supp. 825 (E.D. Cal. 1979). Accordingly, this Court will conduct a *de novo* review only as to the portions of the report and recommendation to which the petitioner objected. The remaining portions of the report and recommendation to which the petitioner did not object will be reviewed for clear error. As a result, it is the opinion of the Court that the **Magistrate Judge's Report and Recommendation (Doc. 119)** should be, and is,

**ORDERED ADOPTED.** It is further **ORDERED** that petitioner's **28 U.S.C. § 2255 Motion (Doc. 104)** is **GRANTED IN PART** on the ground that petitioner was denied effective assistance of counsel at the sentencing hearing. As such, the petitioner shall appear before the Court for resentencing at a date and time set by future order.

## II.  Factual and Procedural Background

The current controversy stems from the sentencing of the petitioner in the United States District Court for the Northern District of West Virginia on June 2, 2003. At the change of plea hearing on March 19, 2003, the petitioner plead guilty to each of the four counts in the indictment, without the benefit of a plea agreement. There, the petitioner stated under oath that the he was in fact guilty of the crimes charged in the indictment, that no one had forced him to plead guilty, and that he was pleading guilty of his own free will.

At the sentencing hearing, and in response to the Court's Fed. R. Crim. P. 32(i)(1)(A) inquiry, defense counsel admitted that he had not gone over the presentence report with the petitioner. Additionally, defense counsel informed the Court that he did not file any objections to the presentence report, nor did he review those objections filed by the petitioner *pro se*. At the conclusion of the hearing, the Court sentenced the petitioner to 240 months on each of the four counts, to run concurrently.

Following the exhaustion of his appeal, the petitioner filed the instant motion pursuant to 28 U.S.C. § 2255 alleging that he received an unconstitutional sentence, that his plea of guilty was involuntary, and that both his trial and appellate counsel were ineffective. In addition, petitioner filed a Motion for Evidentiary Hearing (Doc. 110), which was also disposed of by the Report and Recommendation of the Magistrate Judge.

### III. Applicable Law

As properly noted by the Magistrate Judge, whether or not counsel renders ineffective assistance is governed by the two-part test outlined in **Strickland v. Washington**, 466 U.S. 668 (1984). Under **Strickland**, the defendant must first demonstrate that, "counsel's performance was deficient." **Strickland**, 466 U.S. at 687. Next, the defendant must show that counsel's deficiency actually prejudiced his defense. *Id.*

### IV. DISCUSSION

After thorough review of the record, this Court concurs with the finding of the Magistrate Judge that counsel's failure to review the presentence report prior to the sentencing hearing constituted ineffective assistance of counsel entitling the petitioner resentencing. However, all additional grounds proffered by the petitioner in his motion pursuant to 28 U.S.C. § 2255 are without merit. Specifically, the petitioner's constitutional challenges under **Apprendi v. New Jersey**, 530 U.S. 466 (2000), **Blakely v. Washington**, 542 U.S. 296 (2004), and **United States v. Booker**, 543 U.S. 220 (2005), must fail because the Court did not enhance the petitioner's sentence beyond the statutory maximum. For the same reason, petitioner's claim that his plea was involuntary because the indictment did not contain drug quantities, and thus was illegal under **Apprendi**, also must fail.

In response to the Magistrate Judge's Report and Recommendation, the petitioner filed five objections (Doc. 122). Petitioner's fist two objections concern the Magistrate Judge's denial of the petitioner's Motion for Evidentiary Hearing (Doc. 110). Specifically, petitioner contends that an evidentiary hearing is justified to address the credibility of the

government witnesses and to address the "coercion" used by trial counsel to secure his guilty plea. Under **Raines v. United States**, 423 F.2d 526, 529 (4th Cir. 1970), an evidentiary hearing is unnecessary where review of the record makes clear that petitioner is not entitled to relief. In the instant matter, the record conclusively establishes that the petitioner is only entitled to relief in the form resentencing. As such, the **Magistrate's denial of petitioner's Motion for Evidentiary Hearing (110) is AFFIRMED.**

Petitioner's remaining objections appear to address the original sentencing proceedings. Specifically, petitioner's third objection takes issue with the Court's criminal history point calculation. As petitioner will be resenteced with the benefit of counsel at subsequent proceedings, the petitioner will be afforded the opportunity to file objections at the appropriate time. Similarly, petitioner's fourth objection again concerns the deprivation of counsel, making reference to Fed. R. Crim. P. 32. As noted above, petitioner will be provided counsel at the time of resentencing, and as such, the objection is without merit. Finally, petitioner's last objection concerns the alleged denial of effective assistance at counsel prior to the sentencing hearing. After a thorough review of the record, it is the finding of this Court that, to the extent petitioner was denied the assistance of counsel, this denial occurred solely in the context of the sentencing hearing. In so finding, the Court puts particular emphasis on the petitioner's own sworn statements at the change of plea hearing indicating that his attorney had adequately represented him and left nothing undone.

## V. Conclusion

In recognition of the above and for those reasons more fully stated in the Magistrate Judge's Report and Recommendation (Doc. 119), the Court **ORDERS**:

1. That petitioner's **28 U.S.C. § 2255 Motion (Doc. 104) is GRANTED IN**

**PART** on the ground that petitioner was denied effective assistance of counsel at the sentencing. As such, the petitioner shall appear before the Court for resentencing at a date and time set by future order.

2. That petitioner's **Motion for Leave to Supplement (Doc. 120) is DENIED AS MOOT**.

3. That petitioner's Motion to Appoint Counsel at Evidentiary Hearing (Doc. 121) is **DENIED AS MOOT**.

It is so **ORDERED**.

The Clerk is directed to transmit true copies of this ORDER to the petitioner and all counsel of record.

DATED this 19th day of April 2007

JOHN PRESTON BAILEY
UNITED STATES DISTRICT JUDGE