**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
MARTINSBURG**

JANISON VEAL,

    Petitioner,

v.

UNITED STATES OF AMERICA,

    Respondent.

Criminal Action No. 3:02-CR-43
Civil Action No. 3:05-CV-13
(Judge Bailey)

## ORDER DENYING DEFENDANT'S MOTION TO WITHDRAW GUILTY PLEA

### I. Introduction

On this day, the above-styled matter came before the Court upon the Defendant's Motion to Withdraw Guilty Plea [Crim. Doc. 147]. In his motion, the defendant seeks to withdraw his June 2, 2003, guilty plea. In support of his motion, the defendant cites the five factor test set forth in **United States v. Moore**, 931 F.2d 245, 248 (4th Cir. 1991).

### II. Factual and Procedural Background

The current controversy stems from the petitioner's sentencing hearing in the United States District Court for the Northern District of West Virginia on June 2, 2003. At the change of plea hearing on March 19, 2003, the petitioner plead guilty to each of the four counts in the Indictment, without the benefit of a plea agreement. There, the petitioner stated under oath that he was in fact guilty of the crimes charged in the Indictment, that no one had forced him to plead guilty, and that he was pleading guilty of his own free will.

At the sentencing hearing, and in response to the Court's Fed. R. Crim. P. 32(i)(1)(A) inquiry, defense counsel admitted that he had not gone over the Presentence

Investigation Report ("PSR") with the petitioner. Additionally, defense counsel informed the Court that he did not file any objections to the PSR, nor did he review those objections filed by the *pro se* petitioner. At the conclusion of the hearing, the Court sentenced the petitioner to 240 months on each of the four counts, to run concurrently.

Following the exhaustion of his appeal, the petitioner filed a motion pursuant to 28 U.S.C. § 2255 alleging that he received an unconstitutional sentence, that his plea of guilty was involuntary, and that both his trial and appellate counsel were ineffective. In addition, petitioner filed a Motion for Evidentiary Hearing, which was also disposed of by the Report and Recommendation ("R & R") of the Magistrate Judge. On April 19, 2007, this Court adopted the Magistrate Judge's R & R [Doc. 13].

In the Order adopting the R & R, this Court held that all grounds proffered by the petitioner were without merit, with the exception of that which warranted a new sentencing. Specifically, this Court held that the petitioner's claim that his plea was involuntary must fail. Likewise, the Court held that petitioner's objection concerning the alleged denial of effective assistance of counsel prior to the sentencing hearing must fail. In so finding, the Court put particular emphasis on the petitioner's own sworn statements at the change of plea hearing indicating that his attorney had adequately represented him and left nothing undone.

### III.  Applicable Law

Rule 11(d)(2)(B) of the Federal Rules of Criminal Procedure provides that a defendant may withdraw a guilty plea after the Court accepts the plea, but before sentencing if "the defendant can show a fair and just reason for requesting the withdrawal."

In addition, the Court must consider the following factors:

> (1) whether there has been a delay between the guilty plea and the motion to withdraw; (2) whether the defendant has had the assistance of competent counsel; (3) whether the defendant has made a credible assertion of legal innocence; (4) whether there is credible evidence that the guilty plea was not knowing and voluntary; and (5) whether withdrawal will prejudice the government or will cause inconvenience to the court and waste judicial resources.

See **United States v. Moore**, *supra*; **United States v. Craig**, 985 F.2d 175, 178 (4th Cir.1993).

## IV.	Discussion

On August 28, 2007, four years and five months after the entry of his plea, the defendant has filed his second motion to withdraw his plea. This defendant had previously filed a similar motion to withdraw his plea [Doc.79], stating similar reasons as today. That motion was ruled upon, and denied, by United States District Judge Frederick P. Stamp, Jr. by oral order prior to conducting the sentencing hearing on June 2, 2003. Sent. Transcr. pp. 3-6 (June 2, 2003). Judge Stamp was clear in his ruling.

Under the first factor or the **Moore** test, the defendant's second motion to withdraw his plea is not timely. See **Moore**, 931 F.2d at 248 (finding six-week delay in filing motion to withdraw guilty plea to be long). The defendant attempts to justify the delay by contending that during the intervening time he prosecuted his 28 U.S.C. § 2255 petition. The defendant, however, also filed a direct appeal that was denied, in which he attempted to raise the issue of ineffective assistance of counsel. See **United States v. Veal**, DN 03-4507, unpublished, decided February 9, 2004, 2004 WL 233293 (4th Cir.). The defendant

also filed two other matters in the Fourth Circuit. The first was a petition for a writ of mandamus, alleging the District Court had unduly delayed acting on his motion filed pursuant to 28 U.S.C. § 2255. The defendant's second action was a petition for a writ of mandamus, alleging the District Court had unduly delayed in acting on the magistrate judge's R & R issued on September 29, 2006, relative to his motion filed pursuant to 28 U.S.C. § 2255. Both petitions were denied. *See In re Veal*, DN 06-7537, unpublished, decided December 4, 2006, 2006 WL 3487341 (4th Cir.) and *In re Veal*, DN 07-6514, unpublished, decided June 29, 2007, 2007 WL 1875905 (4th Cir.) respectively.

Next, the defendant cannot meet the second factor to be considered under the *Moore* test because he cannot show that his assistance of counsel was not competent. On March 19, 2003, the defendant appeared before the Court and entered guilty pleas to all four counts of the Indictment. At the plea hearing, the defendant indicated that he was satisfied with his attorney, that his counsel had not left anything undone in his case and that he and his counsel had been unable to find any defense to the charges in the Indictment. Plea Hrg. Transcr., pp. 26-27 (March 19, 2003).

The Fourth Circuit has stated that "[a] defendant can demonstrate the absence of close assistance of counsel for purposes of the *Moore* test only by showing that [his] 'counsel's performance fell below an objective standard of reasonableness.'" (Citations omitted). *United States v. Sparks*, 67 F.3d 1145, 1153 (4th Cir. 1995).

In this case, Judge Stamp, being well aware of the defendant's complaints about his appointed counsel, conducted a very thorough Rule 11 inquiry, concluded that the defendant's pleas were knowing and voluntary and accepted the guilty pleas to all four counts. *See* Plea Hrg. Transcr., pp. 27-28 (March 19, 2003). Further, the defendant

indicated under oath at the Rule 11 proceeding that he was satisfied with his attorney's services and the District Court's ensuing finding that his plea was knowing and voluntary. The Fourth Circuit Court of Appeals has held that such findings "'constitute a formidable barrier'" to the motion to withdraw the plea. *United States v. Craig*, 985 F.2d at 179; *United States v. Ubakanma*, 215 F.3d 421, 425 (4th Cir. 2000) (defendant's "conclusory claims that he was 'misinformed' or 'intimidated' into pleading guilty are insufficient to overcome the district court's findings and [defendant's] sworn statements that he was not coerced").

As to the third and fourth factors to be considered pursuant to *Moore*, the Court reiterates that the defendant represented to the Court under oath that he was satisfied with his attorney's services and that Judge Stamp, after a thorough Rule 11 analysis, found that the pleas were knowingly and voluntarily made.

Finally, if the defendant is permitted to withdraw his pleas, it will likely prejudice the Government. The United States has indicated that nearly four and one-half years have passed since it was last prepared to proceed to trial in this case. To require the United States to resurrect its prosecution effort after such a delay would cause an extreme hardship to reassemble its case and to locate all of the witnesses and evidence.

### V. Conclusion

For the reasons stated above, it is the opinion of this Court that the Defendant's Motion to Withdraw Guilty Plea [Crim. Doc. 147] should be, and is, hereby **DENIED**. Accordingly, sentencing in this matter will go forward as scheduled on October 22, 2007, at 3:00 p.m.

It is so **ORDERED**.

The Clerk is directed to transmit true copies of this **ORDER** to the petitioner and all counsel of record.

**DATED:** September 12, 2007.

JOHN PRESTON BAILEY
UNITED STATED DISTRICT JUDGE